**In re Rodney L. PROPPS, Debtor.**

**Bankruptcy No. 87–02982.**

United States Bankruptcy Court,
D. South Carolina.

Dec. 3, 1987.

■■■■■■■■■■■■■

Cecelia A. Clark, Robert F. Anderson, P.A., Columbia, S.C., for trustee.

William E. Bird, Kennedy, Price & Dial, Columbia, S.C., for Omni Sav. Bank.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

Before the court is the motion of Omni Savings Bank (Omni), f/k/a First Carolina Savings & Loan Association, for relief, pursuant to 11 U.S.C. § 362(d)[1], from the automatic stay so as to allow Omni to pursue its appeal in a case in the South Carolina Supreme Court against a nondebtor party, Jo Ann Propps.

Omni's motion for modification of the automatic stay is opposed by the trustee for the debtor. Upon consideration of the testimony and evidence, the court finds, for the reasons given, that Omni's motion should be granted.

The basis for Omni's motion is that two separate appeals have been consolidated for disposition by the South Carolina Supreme Court in which court are pending: *Omni Savings Bank v. Jo Ann Propps*, (the appellant is Omni), and *Omni Savings Bank v. Rodney L. Propps and Justice Builders, Inc., and Justice Builders of HHI, Inc.*, (the appellants are the debtor and two corporations). The dismissal of the consolidated appeal by the Supreme Court of South Carolina together with the debtor's filing a petition for relief under chapter 7 of the Bankruptcy Code have presented Omni with procedural difficulties.

In the Supreme Court of South Carolina, Omni has moved for the reinstatement of its appeal in *Omni Savings Bank v. Jo Ann Propps*, and has moved to sever its appeal from the appeal by the debtor and the two corporations in *Omni Savings Bank v. Rodney L. Propps and Justice Builders, Inc., and Justice Builders of HHI, Inc.*, which appeal has been stayed by the provisions of § 362(a).

Omni's procedural difficulties are: (1) Omni cannot proceed in its appeal in *Omni Savings Bank v. Jo Ann Propps* unless the South Carolina Supreme Court grants Omni's motion to sever the consolidated appeal; (2) the South Carolina Supreme Court will not hear Omni's motion to sever the consolidated appeal until there is a resolution of Omni's motion to reinstate that appeal; and (3), as a result of the debtor's filing for relief under chapter 7, the provisions of the § 362 automatic stay may preclude Omni's serving a copy of the Proposed Case and Exceptions on the debtor, which service is required for the South Carolina Supreme Court's reinstatement of the appeal.

The party opposing the motion has not convinced this court that the debtor would be harmed by this court's allowing Omni to serve a copy of the Proposed Case and Exceptions on the debtor, which service is presently precluded by the automatic stay.[2]

The party requesting relief from the stay has the burden of proving that cause exists for the granting of relief pursuant to § 362(d)(1) [3 and 4].

---

1. Hereinafter, all references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.* shall be by section numbers only.

2. "The automatic stay of 11 U.S.C. § 362(a) does not protect nondebtor parties in a chapter 11 case, and unless there is some showing that the bankruptcy reorganization will be irreparably harmed if the nondebtor party is not protected, the court will not protect the nondebtor party under 11 U.S.C. § 105(a)." *In re Carolina Wood Preserving, Ltd.*, Case No. 83–01586 (Bankr.D.S.C. Unpublished Opinion January 24, 1984). Under the present circumstances, the court finds it appropriate to apply the quoted reasoning to this liquidation case under chapter 7.

3. Section 362(d)(1) provides as follows: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

4. *See, MacGregor v. Ostrander (In re Ostrander)*, Case No. 82–01164, Complaint No. 83–0486

The legislative history of § 362(d)(1) discusses what may constitute "cause" for the granting of relief from the stay:

> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case.

Other guidelines regarding the burden of proof are delineated in the Bankruptcy Code:

> § 362(g). In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

Omni's appeal (*Omni Savings Bank v. Jo Ann Propps*) is an appeal against a nondebtor party. There has been no showing that the debtor's chapter 7 liquidation will be irreparably harmed if the stay is modified so as to allow Omni to serve the debtor with a copy of the Proposed Case and Exceptions.[5]

The trustee, who opposes the motion for relief from the stay, has not met his burden of proof. § 362(g)(2).

Omni's motion for relief from the stay should be granted.

AND IT IS SO ORDERED.

(Bankr.D.S.C. Unpublished Opinion May 9, 1983).

**5.** *See, In re Carolina Wood Preserving, Ltd.,* Case No. 83–01586 (Bankr.D.S.C. Unpublished Opinion January 24, 1984).